IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VIZZA WASH, LP D/B/A THE WASH TUB | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-cv-00680 |
| | § | |
| NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY AND BRADLEY WORTH | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Insurance Company ("Defendant" or "Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Vizza Wash, LP d/b/a The Wash Tub v. Nationwide Mutual Insurance Company and Bradley Worth*; Cause No. 2020-CI-08311; In the 407th Judicial District of Bexar County, Texas.

## I.   BACKGROUND

Plaintiff Vizza Wash, LP d/b/a The Wash Tub (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2020-CI-08311; In the 407th Judicial District of Bexar County, Texas on May 6, 2020 (the "State Court Action").  *See* Plaintiff's Original Petition, attached as **Exhibit A**. Plaintiff filed a First Amended Petition on May 7, 2020, attached as **Exhibit B**.

Nationwide has not yet filed an answer or responsive motion.  Defendant Bradley Worth ("Worth") appeared and answered on June 5, 2020, asserting a general denial.  *See* Worth's Original Answer, attached as **Exhibit C.**

Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant Nationwide in the State Court Action are incorporated in **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 407th Judicial District Court of Bexar County, Texas. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action. Obtaining consent from improperly joined parties for the removal of a case to federal court is not necessary. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

## II.   <u>JURISDICTION</u>

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## A.   <u>Diversity of Parties</u>

Plaintiff Vizza Wash, LP d/b/a The Wash Tub is a Texas limited partnership. On June 6, 2001, Plaintiff converted from a Texas corporation named Vizza Wash, Inc. to a Texas Limited Partnership called Vizza Wash Limited Partnership. (***See* Exhibit D attached hereto)**. The Articles of Conversion and Certificate of Limited Partnership, filed on June 6, 2001 with the Texas Secretary of State, identify Vizza Wash Services, L.L.C. as Plaintiff's General Partner and identify the corporate office as being in San Antonio, Texas. (*Id.*). On January 3, 2014, Plaintiff filed with the Texas Secretary of State an Assumed Name Certificate for Vizza Wash Limited Partnership, which identified the assumed name as "The Wash Tub." (**Exhibit E attached hereto**). The most

recent Texas Franchise Tax Public Information Report for Plaintiff, on file with the Texas Secretary of State and dated November 15, 2019, also identifies Plaintiff's General Partner as being Vizza Wash Services, L.L.C. **(Exhibit F attached hereto).** There are no limited partners of Vizza Wash Limited Partnership identified in any of the Secretary of State Filings made by Plaintiff.

The Articles of Organization of Plaintiff's General Partner, Vizza Wash Services, L.L.C., identify Vizza Wash Services, L.L.C. as a Texas limited liability company with a registered office in San Antonio, Texas. **(Exhibit G attached hereto).** This company is managed by the manager named Matthew Vizza, residing at 16035 University Oaks, San Antonio, Texas 78249. (*Id.*) The most recent Texas Franchise Tax Public Information Report for Vizza Wash Services, L.L.C. states that Matthew J. Vizza is the only member of the company and list his address at 2208 NW Loop 410, San Antonio, Texas 78230. **(Exhibit H attached hereto).** Thus, at the time Plaintiff filed the State Court Action and up to the date of this removal, Matthew J. Vizza has been a resident and citizen of the State of Texas. Other than Matthew J. Vizza, there are no other members of Vizza Wash Services, L.L.C., identified in any of the Secretary of State Filings made by Plaintiff.

The citizenship of a limited partnership is based upon the citizenship of each of its partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). As stated above, a diligent search of publicly available information regarding the partners of Vizza Wash Limited Partnership has been conducted and Vizza Wash Services, L.L.C. is the only partner who can be identified based on public records.  Citizenship of a limited liability company is determined by the citizenship of all of its members. *MidCap Media Finance, LLC v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019). A diligent search of publicly available information regarding the

members of Vizza Wash Services, L.L.C. has been conducted, and Matthew J. Vizza is the only member who can be identified based on public records.

After a diligent search of publicly available information, Matthew J. Vizza is a citizen of the State of Texas. No other partners or members of Plaintiff and Vizza Wash Services, L.L.C. were discovered through a diligent search and review of publicly available records, and Nationwide has no reason to believe that any members or partners share the citizenship of Nationwide. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiff is citizen of the State of Texas.

Nationwide Mutual Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

Co-defendant Bradley Worth is a citizen of the State of Texas.  However, as set forth below, Bradley Worth has been improperly joined and his citizenship can be disregarded.

Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.**     **Improper Joinder of Co-defendant Worth**

Plaintiff improperly joined co-defendant Bradley Worth.  A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a defendant that it fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that it properly alleges is non-diverse. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Because Worth is non-diverse, only the latter option is relevant in this matter.

4

A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant. *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). If the assertion of improper joinder is based on the existence of an affirmative defense and the defendant establishes the existence of an affirmative defense to plaintiff's state law claims, "it necessarily follows that joinder was fraudulent, and the district court properly exercise[s] its removal jurisdiction." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996); *see also Parkway Imaging Ctr., Inc. v. Home Life Fin. Assurance Corp.*, 198 F.3d 240, 2012 WL 824441, at *6 (5th Cir. Sept. 27, 1999).

Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint, to determine whether the complaint states a claim" against the non-diverse defendant. *Id.* Under such analysis, the critical question is whether the allegations of Plaintiff's First Amended Petition "contain sufficient factual matter, accepted as true, to state a claim to relief" under Texas law. *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted). In undertaking its decision, courts are to apply federal pleading standards to the asserted state court claim. *Int'l Energy Ventures*, 818 F.3d at 200-08. A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Fifth Circuit has clarified that, for the improper joinder analysis, pleadings must satisfy the federal pleading standard; not Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt.,* 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis

necessarily incorporates the *federal* pleading standard") (emphasis original) (internal citations omitted). This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See, e.g., Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.,* No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016). When these principles are applied, it is evident that the insurance agent Worth has been joined solely to defeat diversity jurisdiction.

### 1.   Plaintiff's allegations against Worth

In this case, Plaintiff has asserted causes of action against its insurance agent Worth for violations of the Texas Deceptive Trade Practices Act ("DTPA"), negligent misrepresentation, violations of the Texas Insurance Code § 541.061 subsections (1), (2), (3) and (5), negligence and "negligence by undertaking a duty," and civil conspiracy. (*See* Plaintiffs' 1st Am. Pet, attached as Exhibit **B**, pp. 7-12.)

As for factual background regarding these claims, Plaintiff's First Amended Petition speaks in vague and general terms. (*See* pages 7 and 8 of Pl.'s 1st Am. Pet.). Plaintiff's factual allegations can be slotted into two categories: (1) a category concerning things Worth *did not say before* the Policy incepted and (2) a category concerning things Worth *did say after* the Policy incepted. First, Plaintiff alleges Worth failed to inform Plaintiff before the Policy incepted on January 31, 2020 that the policy would not cover Plaintiff's business income losses caused by COVID-19. (Pl.'s 1st Am. Pet. at p. 7). Plaintiff alleges that the COVID-19 pandemic has been a known phenomenon since January 2020 and, on information and belief, Nationwide informed Worth (Plaintiff does not allege when) that Nationwide would not cover business income loss claims because there was no physical damage caused by the COVID-19 virus and because of various exclusions. (*Id.*). Plaintiff alleges that had it known the Policy did not cover pandemic losses, it would not have purchased the Policy. (*Id.*).

Second, Plaintiff complains of communications Worth made about what the Policy does not cover. (Pl.'s 1st Am. Pet. at pp. 7-8). Plaintiff does not specify when these communications were made, but logically, it appears that Plaintiff is complaining of post-loss communications. Because Plaintiff already alleged that Worth failed to notify Plaintiff before the Policy incepted that the Policy did not cause business income losses caused by or resulting from the coronavirus, it would be inconsistent for Plaintiff to allege Worth also informed Plaintiff prior to the policy inception that COVID-19 related claims *were* covered.  Accordingly, this category of allegations made by Plaintiff must relate to communications Worth allegedly made *after* Plaintiff purchased the Policy. Plaintiff claims Worth misrepresented to Plaintiff that the Policy does not cover "communicable disease," as it was not a "cause of loss." (Pl.'s 1st Am. Pet. at p. 7). Plaintiff alleges that Worth was directed, allegedly through "talking points" provided by "carriers," to tell Plaintiff that there was no coverage for communicable disease or "government actions" to keep Plaintiff from even submitting a claim to Nationwide for business interruption losses caused by or resulting from coronavirus. (*Id.* p.7-8).

After describing these two categories of factual allegations, Plaintiff's Petition sets forth the causes of action alleged against Worth.  The Petition merely recites the elements of these causes of action and does not contain any additional factual allegations. As explained below, Plaintiff's vague and threadbare allegations against Worth fail to state any claim for relief, rendering removal proper on the basis that Worth was improperly joined.

**2.**     **<u>Plaintiff has failed to state a claim against Worth for violation of the Texas DTPA, Section 541.061 of the Texas Insurance Code, or negligent misrepresentation.</u>**

Insurance sales agencies like Worth may be liable under Chapter 541 of the Texas Insurance Code and the DTPA only under "appropriate circumstances," limited to "when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that

misrepresentation actually causes the insured to incur damages." *Griggs v. State Farm Lloyds,* 181 F. 3d 694, 701 (5th Cir. 1999) (emphasis added) (citing *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998); and *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex. App. – Austin 1991, no writ)).[1] "[A]bsent an affirmative misrepresentation, [an insured's] mistaken belief about the scope of coverage is not actionable under the DTPA or the Texas Insurance Code." *Wyly v. Integrity Ins. Sols.*, 502 S.W.3d 901, 908 (Tex. App.—Houston [14th Dist.] 2016). The same rule applies to claims for negligent misrepresentation. *Sohmer v. Am. Med. Sec., Inc.*, 2002 U.S. Dist. LEXIS 19573, at *7-8 (N.D. Tex. 2002) (holding that for an insurance agent to be liable for negligent misrepresentation "the agent must misrepresent specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation must actually cause the insured to incur damages.")

Here, Plaintiff has failed to plead any facts under which a viable Chapter 541, DTPA, or negligent misrepresentation claim could be made against Worth.  Plaintiff does not plead that Worth misrepresented any specific policy terms *prior* to a loss or before the Policy incepted. Instead, Plaintiff alleges Worth *failed* to notify Plaintiff that business interruption losses resulting from coronavirus were not covered by the Policy. (Pl.'s 1st Pet. at p. 7). But an agent's failure to explain coverage terms to an insured is not actionable because, under Texas law, an insurance agent does not have a legal duty to explain the terms and conditions of an insurance policy. *Insurance Network of Tex. v. Kloesel*, 266 S.W.3d 456, 467-68 (Tex. App.—Corpus Christi 2008, pet.

---

[1]     *See also Avila v. State Farm Fire & Cas. Co.*, 147 F. Supp. 2d 570, 581 (W.D. Tex. 1999) (holding that an insurance agent has no duty under Texas law to explain policy terms to an insured and "absent some specific misrepresentation of the terms of coverage by an insurer, an insured's mistaken belief that he is obtaining coverage under certain contingencies, which are not in fact covered by the policy, is not grounds for a misrepresentation claim."); *see also Sohmer v. Am. Med. Security, Inc.*, 2002 WL 3132376, at *3 (N.D. Tex. 2002); Lopez v. OM Fin. Life Ins. Co., Civ. A. No. H-09-789, 2009 WL 2591245, at *2 (S.D. Tex. Aug. 19, 2009) (finding improper joinder when plaintiff's DTPA allegations failed to identify a specific policy term the insurance agent misrepresented); *Druke v. Fortis Health*, 2007 WL 38322, at *5 (S.D. Tex. Jan. 4, 2007).

denied); *Ruiz v. Government Emples. Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no

pet.); *Heritage Manor of Blaylock Properties, Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex.

App.—Dallas 1984, writ ref'd n.r.e.). Rather, an insured has a duty to read the insurance policy,

is responsible for understanding the policy's terms and conditions, and is bound by those policy

terms. *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 614-615 (S.D.

Tex. 2015) *aff'd*, 624 F. App'x 225 (5th Cir. 2015); *Philadelphia Indem. Ins. Co. v. Creative

Young Minds, Ltd.*, 679 F. Supp. 2d 739, 748 (N.D. Tex. 2009).

And Plaintiff's allegations regarding misrepresentations Worth allegedly made after the

policy incepted and after Plaintiff incurred alleged losses also fail to state a claim for violation of

the DTPA, § 541.061 of the Texas Insurance Code, or negligent misrepresentation for several

reasons as well.  First, "[b]efore any misrepresentation can be said to be actionable, it must have

induced the purchase" and caused damages. *Miller v. Allstate Tex. Lloyd's*, 2017 U.S. Dist.

LEXIS 122884, at \*15 (S.D. Tex. 2017) (citing *Tsao v. Ferring Pharms., Inc.*, U.S. Dist. LEXIS

26075, 2017 WL 746451 at \*9 (S.D. Tex. Jan. 24, 2017)). Here, Plaintiff alleges that Worth

allegedly misrepresented *after* the Policy incepted that the policy excludes communicable

diseases and government actions. (Pl.'s 1st Am. Pet. at pp. 7-8). As explained in the next

paragraph (and in Nationwide's soon to be filed Motion to Dismiss) these are not

misrepresentations because they are true. But even if they were false, Plaintiff has not alleged

that the representations induced it to purchase the Policy. Instead, Plaintiff alleges that the

representations were made *after* the Policy incepted. (*Id.*). Also, Plaintiff has not alleged any

damages based on the representations. As Plaintiff alleges in its Petition, it did in fact file a claim

with Nationwide. (Pl.'s 1st Am. Pet. at p. 3). Therefore, the representations did not prevent

Plaintiff from filing a claim. And if the representations are false (which they are not), Plaintiff

has not alleged any resulting damages. The only economic damages alleged by Plaintiff are the lost benefits under the Policy, which are not affected by the alleged representations. (Pl.'s 1st Am. Pet. at p. 12). The terms of the Policy, and not what Mr. Worth says, control what is covered by the Policy.

Second, these alleged misrepresentations are not actionable because they simply are true, and hence are not misrepresentations. "Because a true statement of fact is not a misrepresentation at all, courts have found that such statements cannot form the basis for an agent's liability." *New World Baptist Church, LLC v. Nationwide Prop. & Cas. Ins. Co*., 2017 U.S. Dist. LEXIS 73170, at *9 (W.D. Tex. 2017).[2] When the Policy establishes that something is not covered, a statement by an agent that the risk is not covered cannot form the basis of an actionable misrepresentation claim. *Id.* (citing *Garza*, 2013 U.S. Dist. LEXIS 95088, 2013 WL 3439851 at *5). This Court can review the Policy and determine as a matter of law that Worth's alleged vague statements that the Policy does not cover "communicable disease" or "government actions" are true. The Policy contains the following express exclusions that provide in relevant part:

B.    **EXCLUSIONS**
1.    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

. . .

c.    **Governmental Action**
Seizure or destruction of property by order of governmental authority.

. . .

i.    **Virus Or Bacteria**

---

[2]    *See also Burton v. State Farm Mut. Auto. Ins. Co*., 869 F. Supp. 480, 486 (S.D. Tex. 1994), aff'd, 66 F.3d 319 (5th Cir. 1995) (finding that plaintiffs did not allege that an insurance agent misrepresented policy terms by "[telling] them that the policy met the requirements of the Texas Safety Responsibility Act" when the policy did in fact meet the Act's requirements when it was issued).

> > (1)     Any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or **disease**.

*See* Policy (**Exhibit I attached hereto**) at pages 22-23 of the Premier Businessowners Property Coverage Form (emphasis added).[3] The plain language of the policy excludes coverage for both "governmental action" and "any virus . . . that induces or is capable of inducing . . . disease." *See* Exhibit H, Policy at pages 22-23 of the Premier Businessowners Property Coverage Form. As such, Worth's alleged representations about the effect these exclusions had on Plaintiff's claim were true and cannot form the basis of a misrepresentation claim.

And Plaintiff's claim against Worth for violation of § 541.061 of the Texas Insurance Code fails for yet another reason.  "[S]ection 541.061 applies to misrepresentations of a policy's terms, not misrepresentations about whether a specific claim is factually within a policy's terms." *In re Crawford & Co.*, 458 S.W.3d 920, 927 n.5 (Tex. 2015). For example, in *Tex. Mut. Ins. Co. v. Ruttiger*, the insured's section 541.061 claim failed because there was no evidence of "any untrue statement by [the insurer] regarding the policy or any statement about the policy that misled him." 381 S.W.3d 430, 445-46 (Tex. 2012). Rather, "[t]he dispute between Ruttiger and [the insurer] was over whether Ruttiger's claim was factually within the policy's terms—whether he was injured on the job." *Id.*

---

[3]     The Court can take judicial notice of the Policy for the purpose of this removal (based on the improper joinder 12(b)(6) standard) because the Policy is referenced in Plaintiff's Petition. When a defendant attaches documents to its Rule 12(b)(6) motion, those documents are considered part of the pleadings so long as the documents were referred to in the complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498-99 (5th Cir. 2000); see also *Walker v. Beaumont Indep. Sch. Dist.*, No. 17-40752, 2019 U.S. App. LEXIS 28030, at *15 (5th Cir. 2019) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F. 3d at 499. Here, Plaintiff referred to the Policy at length in its Original Petition. The Policy also serves as the basis for Plaintiff's claims against Nationwide. As such, it is proper for this Court to consider the Policy.

Like *Ruttiger*, there are no allegations in the present case that Worth misrepresented the terms of the policy. The alleged misrepresentations concerned statements about whether Plaintiff's business income losses related to the coronavirus are covered by the Policy's terms. Because there is no allegation that Worth misrepresented a specific policy term—much less a clear allegation of what the misrepresentation was—Plaintiff fails to state a claim against Worth for violation of § 541.061.

### 3.   <u>Plaintiff has failed to state a claim against Worth for negligence.</u>[4]

It is fundamental law that to prevail on its negligence claim, the Plaintiff would have to show that Worth breached some legal duty owed to Plaintiff. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). But generally, insurance agents owe their client only a duty to use reasonable diligence in acquiring a policy, and to inform the client if they are unable to do so. *Webb v. UnumProvident Corp.*, 507 F. Supp. 2d 668, 683 (W.D. Tex. 2005) (citing *May v. United Services Ass'n.*, 844 S.W.2d 666, 669 (Tex. 1992)).

Under Texas law, an insurance agent does not have a legal duty to explain the terms and conditions of an insurance policy. *Insurance Network of Tex. v. Kloesel*, 266 S.W.3d 456, 467-68 (Tex. App.—Corpus Christi 2008, pet. denied); *Ruiz v. Government Emples. Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.); *Heritage Manor of Blaylock Properties, Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). Rather, an insured has a duty to read the insurance policy, is responsible for understanding the policy's terms and conditions, and is bound by those policy terms. *United Neurology, P.A. v. Hartford Lloyd''s Ins. Co.*, 101 F. Supp. 3d 584, 614-615 (S.D. Tex. 2015) *aff'd*, 624 F. App'x 225 (5th Cir. 2015); *Philadelphia Indem. Ins. Co. v. Creative Young Minds, Ltd.*, 679 F. Supp. 739, 748 (N.D.

---

[4]   Plaintiff's also alleges a claim Plaintiff calls "negligence by undertaking a duty." Pl.'s 1st Am. Pet. at p. 11. There is no separate cause of action under Texas law for "negligence by undertaking a duty."

Tex. 2009). And "[t]o establish a common-law negligence claim against an insurance agent for breaching these duties, a plaintiff must be able to show that it requested a **specific type of insurance** that the agent did not provide in accordance with the plaintiff's expectations or that the plaintiff was wrongly led to believe that his policy provided protection against a **particular risk** that it did not." *Harding v. Higginbotham Ins. Agency, Inc.*, Civil Action No. 5:17-CV-188-C, 2017 U.S. Dist. LEXIS 228256, at \*4-6 (N.D. Tex. 2017) (emphasis added) (*citing May*, 844 S.W.2d at 669-670).

Plaintiff makes no allegations that it requested a "specific type of insurance" from Worth that Worth did not provide. Plaintiff also does not allege that Worth wrongly led Plaintiff to believe the relevant Policy provided protection against any particular risks that it in fact does not. Indeed, Plaintiff does not allege that it requested **any specific type** of insurance from Worth or any insurance that covered specific risks, much less the risk of business interruption losses due to a global pandemic. (Pl.'s 1st Am. Pet. at p. 7). Instead, Plaintiff alleges that "[d]espite knowing Nationwide would deny any coverage for Business income loss due to the pandemic, Worth obtained coverage for the Plaintiff on the Properties with Nationwide and failed to disclose such information." (Pl.'s 1st Am. Pet. at p. 8). This allegation and the others in Plaintiff's First Amended Petition do not state a claim for negligence under Texas law.

### 4.    Plaintiff has failed to state a claim against Worth for civil conspiracy.

To state a claim for civil conspiracy under Texas law, a plaintiff must establish: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Apani Sw., Inc. v. Coca-Cola Enters., Inc.*, 300 F.3d 620, 635 (5th Cir. 2002). Because conspiracy is a derivative tort, liability for conspiracy depends on participation in an underlying tort. *Allstate Ins. Co. v. Receivable Fin. Co., LLC*, 501 F.3d 398, 414 (5th Cir. 2007). Because

Plaintiff has failed to state a claim for an underlying tort against Worth, Plaintiff's conspiracy claim fails. *Vaughan v. State Farm Lloyds*, 2015 U.S. Dist. LEXIS 188309, at *7 (W.D. Tex. 2015).

**C.     Amount in Controversy**

It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $1,000,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Here, Plaintiff has pled "damages will be more $1,000,000." (Pl.'s 1st Am. Pet. at p 15). The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition. Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) exemplary damages; (4) attorney's fees; (5) interest on the judgment and (6) pre- and post-judgment interest. (*Id.*). Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541. (*Id.* at pp. 12-14); Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire &*

*Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). The amount in controversy plainly exceeds $75,000, exclusive of interest and costs and the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.   CONCLUSION

Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant Nationwide Mutual Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Ethan D. Carlyle
Texas Bar No. 24031794
ecarlyle@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
NATIONWIDE MUTUAL INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served via Certified Mail Return Receipt Requested this the 5th day of June, 2020 to:

Shannon E. Loyd                                        *<u>#9414 7266 9904 2137 9580 13</u>*
The Loyd Law Firm, PLLC
12703 Spectrum Dr, Suite 201
San Antonio, Texas 78249
shannon@theloydlawfirm.com


                                        */s/ Patrick M. Kemp*
                                        Patrick M. Kemp